AUGUST SCHAEFER, complainant,

*v.*

DAVID MACROFF et al., defendants.

[Decided December 16th, 1924.]

**Specific Performance—Contract for Sale of Lands or Payment of Specified Sum as Liquidated Damages—Alleged Claim That Irresponsibility of Defendant Defeats the Contract—Property Sold to Another Who Had Constructive Notice of Contract—Decree to Enforce Will Not be Made—Complainant May Have Order Transferring Cause Under Statute.**

On final hearing.

*Mr. David Mandel,* for the complainant.

*Mr. Thomas H. Brown,* for the defendants Macroff and Higgins.

*Mr. Charles K. Seaman, Jr.,* for the defendants Patterson and Lake.

BUCHANAN, V. C.

Complainant's bill is of the kind usually termed for spe-cific performance of a contract for the sale of lands. On September 19th, 1923, Macroff as vendor and Schaefer as vendee executed a contract for the sale and conveyance of a certain property in Perth Amboy. Macroff did not own the lands; he claimed an equitable title in them which he was then seeking to enforce in a suit against one Anna Solat. This was recited in the contract. A down payment of $300 was expressed in the contract and was made, complainant, however, taking from Macroff a $300 note (on which he required the endorsement of one Thorne). By the terms of

the contract this note was to be paid if Macroff failed to make conveyance. This was also a provision that if Macroff failed to make conveyance, for any other reason than inability to acquire title from Anna Solat, he should pay $500 liquidated damages.

Macroff's suit against Anna Solat was settled by a stipulation whereby she agreed to make conveyance to such person as should be nominated by Macroff. Her conveyance was made to the defendant Higgins, who was nominated by Macroff's solicitor, with Macroff's acquiescence, if not at his direction. Complainant seeks a conveyance from Higgins, who would appear to have taken title with constructive notice of complainant's rights, by reason of the filing of the contract and of a *lis pendens*.

The difficulty is that the contract was intended by the parties as an alternative contract, which might be performed by Macroff either by making conveyance or by paying the stipulated $500 "liquidated damages," plus a return of the deposit. This is the testimony of Mr. Mandel, who acted for both parties in the execution of the contract. In such a case equity declines to grant the peculiar relief of specific performance or decree for conveyance and leaves the parties to their remedy at law. *Porter* v. *Williams, 93 N. J. Eq. 88.*

Complainant contends, however, that in the present case he is entitled to decree for conveyance, on the ground that Macroff, though entitled at his election to pay the alternative amount, did not make an election at all, but refused to do either, and that it would be aiding Macroff to perpetrate a fraud on complainant, if decree for conveyance (or for an equitable lien for the alternative amount) be denied, since Macroff is financially irresponsible.

I cannot concur in this view. In the first place, the evidence fails to show that Macroff is financially irresponsible. In the second place, that was a risk complainant must have contemplated at the time the contract was made. The fact that he demanded an endorsed note for the $300 shows that he did, in fact, contemplate it. In the third place, it seems

clear that Macroff did make an election (when he caused or permitted the conveyance to Higgins) not to convey to complainant. The fact that he did not pay or tender to complainant the alternative moneys cannot alter that fact. And, lastly, even assuming Macroff's acts and intentions to have been fraudulent, there is no proof to connect Higgins with any such fraud. All that Higgins was chargeable with was notice of complainant's contract, a contract under which Macroff had the right not to make conveyance. Under the contract, the payment of the stipulated alternative amount was not in anywise attempted to be made a lien on the property. I can see no equity in complainant entitling him to a conveyance from Higgins or to the impressing of an equitable lien on the property as against Higgins.

As far as the $300 down payment is concerned, complainant has no claim to the establishment of an equitable lien on the property therefore, because he demanded and took other security. *Cf. Brinkerhoff* v. *Van Sciven, 4 N. J. Eq. 251* (at *p. 257*).

A decree will be advised accordingly.

If complainant desires he may have an order transferring the cause, under the transfer of causes statute.